# EXHIBIT A

# EXHIBIT A-1

3/17/2021 10:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51582715
By: Wanda Chambers
Filed: 3/17/2021 10:48 PM

# 2021-15615 / Court: 269

NO. _____

| | | |
|---|---|---|
| **EVELYN MARSHALL, DEBRA PAYTON-MALONE, AND WILLIE MALONE** | § § § § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **vs.** | § § | |
| | § | |
| **INTERCONTINENTAL TERMINALS CORPORATION, LLC** | § § | **____ JUDICIAL DISTRICT COURT** |

## Plaintiffs' Original Petition

Plaintiffs, Evelyn Marshall ("Marshall"), Debra Payton-Malone ("Payton-Malone") and

Willie Malone ("Malone") (collectively referred to as "Plaintiffs") file this petition complaining of

defendant Intercontinental Terminals Corporation, LLC ("ITC") and show:

I.

1.      PTF intends to conduct discovery under Level a pursuant to Rule 190 of the Texas Rules

of Civil Procedure.

II.

2.      Marshall is an individual residing at 6102 Belmark Street in Houston, Harris County, Texas

77033.

3.      Payton-Malone is an individual residing at 1013 Shelton Lane in Channelview, Harris

County, Texas 77530.

4.      Malone is an individual residing at 1013 Shelton Lane in Channelview, Harris County,

Texas 77530.

5.      ITC is a Delaware company doing business in Harris County, Texas, and may be served

by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas,

Texas 75201-3136.

Unofficial Copy Office of Marilyn Burgess District Clerk

III.

6.      On or about March 17, 2019, a fire started in the ITC property located in Deer Park, Harris County, Texas.   A tank containing naphta was ignited.   The fire spread throughout the ITC property engulfing at least eight tanks and sending plumes of black smoke over and into the communities of southeast Texas.   The smoke clouds contained toxic chemicals, ash, and fumes and caused injuries and damages to Plaintiffs.   The fire burned for three straight days before it was extinguished on March 20, 2019.   It reignited and was extinguished again.   Another fire began on March 21, 2019.   Benzene and other toxic chemicals were being released into the air. On March 22, 2019, another fire reignited. A shelter-in-place was issued for the area because of the harmful chemicals being released.   The multiple fires and release of chemicals into the air is hereinafter referred to as "the Incident."

7.      ITC did not have reasonably adequate safety measures in place and did not properly maintain its safety equipment.

IV.

8.      The Incident made the basis of this suit and the resulting injuries were proximately caused by the negligent conduct of ITC in one or more of the following respects:

    1)      failing to maintain a safe work place:

    2)      failing to have a reliable system or device at its plant to prevent the fire or adequately warn the community of the fire;

    3)      failing to perform work in a safe and prudent manner;

    4)      failing to exercise reasonable and prudent care in the operations which were occurring at the ITC plant on the dates at issue;

    5)      failing to implement, follow and enforce proper operations procedures;

    6)      failing to implement, follow and enforce proper safety procedures;

7)   failing to implement, follow and enforce proper hazardous analysis;

8)   operating the plant with institutional ignorance of or defiance to a culture of safety and accountability;

9)   failing to inspect and maintain the equipment associated with the refining storage process;

10)   ignoring process safety hazard data related to past incidents at the ITC plant;

11)   causing and permitting to be caused a release of numerous toxic chemicals which resulted in a continuous toxic cloud over parts of Harris County, Texas;

12)   operating the plant without appropriate and trained staffing and supervision of the ITC plant units;

13)   operating the ITC plant with equipment and processes that defy reasonable engineering and regulatory practices;

14)   managerial acceptance or encouragement of normalized deviation from appropriate refining storage procedures;

15)   failing to implement, follow, enforce and/or train regarding proper hazard analysis;

16)   failing to maintain a reliable system and/or device at the ITC plant to prevent the fire;

17)   undertaking a conscious effort to reduce costs and staffing at the expense of safety;

18)   continuing to operate damaged and dysfunctional equipment at the expense of safety and wellbeing of the workers at the ITC plant and the surrounding Harris County community;

19)   failing to adopt and comply with proper operating procedures;

20)   improperly supervising and failing to supervise operation of the unit;

3

21)     ratifying and approving improper and dangerous operating procedures, routines and practices;

22)     failing to make proper modifications and perform appropriate maintenance;

23)     failing to budget maintenance and required modifications, improvements and updates to the equipment and facility;

24)     failing to properly warn and notify the Plaintiffs regarding the release and emissions from prior and subsequent releasing events;

25)     failing to have a proper air monitoring network in place that could wan the surrounding communities of harmful emissions being released during the fire;

26)     failing to have proper fire suppression devices to contain fires at the ITC plant; and

27)     such other acts and omissions which may be discovered through discovery and presented at trial.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries.

V.

9.      At all times material hereto, the employees and/or agents of ITC were acting within the course and scope of their employment or agency for ITC and in furtherance of the duties of their employment or agency.

VI.

10.     ITC is also responsible for Plaintiffs' injuries under the following causes of action: negligent training, nuisance, trespass, strict liability for ultrahazardous activity, and/or res ipsa loquitur.

4

VII.

11.     As a proximate result of the negligent conduct and the activity/omissions of ITC listed in paragraph 14 above, Plaintiffs suffered bodily injuries. As a further result of their injuries, Plaintiffs suffered the following damages:

> physical pain and severe mental anguish in the past;
>
> medical expenses in the past;
>
> lost earnings;
>
> physical impairment in the past;
>
> travel expense in connection with medical care; and
>
> inconvenience and loss of enjoyment of life.

For all these damages, Plaintiffs sues the ITC for a sum within the jurisdictional limits of this court but not to exceed $40,000.00.

VIII.

16.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice that all documents produced by the Defendant in response to written discovery authenticate the document(s) for use against the Defendant in any proceeding before the Court.

IX.

9.     Accordingly, Plaintiffs pray that ITC be cited to appear and answer and that, on final trial, Plaintiffs have:

1,      judgment against the Defendant for only monetary relief of $40,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees;

2.      post-judgment interest at the legal rate;

5

3.      such other and further relief to which Plaintiffs may be justly entitled.

**Plaintiffs demands a trial by jury**.

Respectfully submitted,

**Merrill & Associates**

_____

Roger L. Merrill
SBN: 13963800
1770 Saint James Place
Suite 410
Houston, Texas 77056
713/914-0830
713/588-8999 fax
rlm01@swbell.net

**Attorneys for Plaintiffs**

6

# EXHIBIT A-2

4/12/2021 9:40 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52345023
By: PAM ROBICHEAUX
Filed: 4/12/2021 9:40 AM

CAUSE NO. 2021-15615

| | | |
|---|---|---|
| EVELYN MARSHALL, DEBRA PAYTON-MALONE, and WILLIE MALONE, | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| INTERCONTINENTAL TERMINALS COMPANY, LLC, | § § § § | |
| Defendant. | § | 269th JUDICIAL DISTRICT |

## DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S MOTION TO TRANSFER VENUE AND, SUBJECT THERETO, ORIGINAL ANSWER

Defendant Intercontinental Terminals Company LLC, incorrectly sued as Intercontinental Terminals Corporation, LLC ("Defendant") files its Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiffs' Original Petition (the "Petition").

### I.      Motion to Transfer Venue

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendant respectfully requests that venue for this action be transferred from Harris County to another county of proper venue under the Texas Civil Practice and Remedies Code.  Defendant will supplement the record with a brief in support of its motion and necessary affidavit upon completion of sufficient discovery.

### II.      General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations and claims set forth in Plaintiffs' Petition and demands strict proof thereof by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III.    Affirmative Defenses

1.    Plaintiffs fail to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred because Plaintiffs lack standing to bring, in whole or in part, the claims alleged in the Petition.

3.    Defendant asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiffs' Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendant to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person, party, or responsible third party.

4.    Defendant asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiffs' Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendant's actions or reasonably foreseeable to Defendant or within its control.

5.    Defendant denies that the alleged injuries of Plaintiffs were proximately caused by any alleged act or omission of Defendant.

6.    As an affirmative defense, the evidence may show that one or more claims of Plaintiffs are barred in whole or in part by the failure to mitigate damages.

7.    As an affirmative defense, the evidence may show that one or more of Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

8.    All conduct and activities of Defendant, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and

industry standards based upon the state of knowledge at the time alleged in the Petition and/or were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

9.      Alternatively, should any amount be cast against Defendant in judgment, Defendants are entitled to a credit and off-set for any and all payments made to Plaintiffs for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

10.     Defendant reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

## IV.      Right to Amend

Defendant reserves the right to amend this Answer.

## V.      Request for Jury

Defendant requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

## VI.      Prayer

Defendant requests that this Court, after trial or final hearing of this case, enter judgment in Defendant's favor, that Plaintiffs take nothing by reason of this suit, and that the Court award Defendant its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By:  */s/ Russell C. Lewis*
       Russell C. Lewis
       Texas Bar No. 24036968
       Michael S. Goldberg
       Texas Bar No. 08075800
       Benjamin Gonsoulin
       Texas Bar No. 24099682
       Kelly Hanen
       Texas Bar No. 24101862
       Elizabeth Furlow
       Texas Bar No. 24109899
       One Shell Plaza
       910 Louisiana Street
       Houston, Texas 77002-4995
       Telephone:  (713) 229-1767
       Facsimile:   (713) 229-2867
       russell.lewis@bakerbotts.com
       michael.goldberg@bakerbotts.com
       ben.gonsoulin@bakerbotts.com
       kelly.hanen@bakerbotts.com
       elizabeth.furlow@bakerbotts.com

4

PHELPS DUNBAR LLP

By: __/s/ Ivan M. Rodriguez_____
    Ivan M. Rodriguez
    Texas Bar No. 24058977
    Marc G. Matthews
    Texas Bar No. 24055921
    J. Alan Harrell
    Texas Bar No. 24114609
    910 Louisiana Street, Suite 4300
    Houston, Texas  77002
    Telephone:  (713) 626-1386
    Telecopier:  (713) 626-1388
    ivan.rodriguez@phelps.com
    marc.matthews@phelps.com
    alan.harrell@phelps.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 12th day of April 2021:

Roger L. Merrill
Merrill & Associates
1770 Saint James Place, Suite 410
Houston, Texas 77056
Telephone: (713) 914-0830
Facsimile: (713) 588-8999
rlm01@swbell.net


*/s/ Russell C. Lewis*
Russell C. Lewis

6