# EXHIBIT B



| | |
|---|---|
| | **Service of Process Transmittal**<br>03/22/2021<br>CT Log Number 539248281 |
| **TO:** | Mark Jeansonne<br>Intercontinental Terminals Company LLC<br>2621 TIDAL RD<br>DEER PARK, TX 77536-2432 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Intercontinental Terminals Company LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | EVELYN MARSHALL, etc., Pltf. vs. INTERCONTINENTAL TERMINALS CORPORATION, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 202115615 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 03/22/2021 postmarked on 03/18/2021 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/22/2021, Expected Purge Date: 03/27/2021<br><br>Image SOP<br><br>Email Notification,  Mark Jeansonne  mjeanson@iterm.com<br><br>Email Notification,  Lindsay Knight  lknight@iterm.com<br><br>Email Notification,  Linda Primrose  lprimrose@iterm.com<br><br>Email Notification,  Robert Bell  rbell@iterm.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other



**Service of Process Transmittal**
03/22/2021
CT Log Number 539248281

**TO:** Mark Jeansonne
Intercontinental Terminals Company LLC
2621 TIDAL RD
DEER PARK, TX 77536-2432

**RE:** **Process Served in Texas**

**FOR:** Intercontinental Terminals Company LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SA

FOLD HERE

U.S. POSTAGE
$9.15
FCM LETTER
77584 0000
Date of sale
03/18/21
06 2S9
11487132
0330103182158480

USPS CERTIFIED MAIL®

9515 5066 2701 1077 6369 77

RETURN RECEIPT

Evelen von Moore
1500 Hadley #506
Houston, TX. 77002

Intercontinental Terminals Corporation LLC
c/o Registered Agent CT Corporation System
1999 Bryan Street Suite 900
Dallas, TX. 75201-3136

EML

**COPY OF PLEADING PROVIDED BY PLT**

Receipt Number: 891105

Tracking Number: 73851479

CAUSE NUMBER: 202115615

| | |
|---|---|
| PLAINTIFF: MASHSALL, EVELYN | In the 269th Judicial |
| vs. | District Court of |
| DEFENDANT: INTERCONTINENTAL TERMINALS CORPORATION LLC | Harris County, Texas |

## CITATION

THE STATE OF TEXAS
County of Harris

TO: INTERCONTINENTAL TERMINALS CORPORATION LLC BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION.

This instrument was filed on March 17, 2021, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

    ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this March 18, 2021.



Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: WANDA CHAMBERS

Issued at request of:
Merrill, Roger L.
1770 ST.JAMES PL 410
HOUSTON, TX 77056
713-914-0830

Bar Number: 13963800

Tracking Number: 73851479

CAUSE NUMBER: 202115615

| | |
|---|---|
| PLAINTIFF: MASHSALL, EVELYN | In the 269th |
| vs. | Judicial District Court |
| DEFENDANT: INTERCONTINENTAL TERMINALS CORPORATION LLC | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____. M., on the _____ day of _____, 20_____.
Executed at (address) _____
in _____ County
at _____ o'clock ____. M., on the _____ day of _____, 20 _____,
by delivering to _____ defendant,
in person, a true copy of this
Citation together with the accompanying _____ copy(ies) of the _____ Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, 20 _____.

FEE: $ _____        _____
                            _____ of _____
County, Texas
_____     By: _____
         Affiant                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of _____, 20 _____.

3/17/2021 10:48 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51582715
By: Wanda Chambers
Filed: 3/17/2021 10:48 PM

NO. 2021-15615

| | | |
|---|---|---|
| EVELYN MARSHALL, DEBRA PAYTON-MALONE, AND WILLIE MALONE | § § § § | HARRIS COUNTY, TEXAS |
| vs. | § § § | |
| INTERCONTINENTAL TERMINALS CORPORATION, LLC | § § | 269th JUDICIAL DISTRICT COURT |

**Plaintiffs' Original Petition**

Plaintiffs, Evelyn Marshall ("Marshall"), Debra Payton-Malone ("Payton-Malone") and Willie Malone ("Malone") (collectively referred to as "Plaintiffs") file this petition complaining of defendant Intercontinental Terminals Corporation, LLC ("ITC") and show:

I.

1.  PTF intends to conduct discovery under Level a pursuant to Rule 190 of the Texas Rules of Civil Procedure.

II.

2.  Marshall is an individual residing at 6102 Belmark Street in Houston, Harris County, Texas 77033.

3.  Payton-Malone is an individual residing at 1013 Shelton Lane in Channelview, Harris County, Texas 77530.

4.  Malone is an individual residing at 1013 Shelton Lane in Channelview, Harris County, Texas 77530.

5.  ITC is a Delaware company doing business in Harris County, Texas, and may be served by serving its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

III.

6.  On or about March 17, 2019, a fire started in the ITC property located in Deer Park, Harris County, Texas. A tank containing naphta was ignited. The fire spread throughout the ITC property engulfing at least eight tanks and sending plumes of black smoke over and into the communities of southeast Texas. The smoke clouds contained toxic chemicals, ash, and fumes and caused injuries and damages to Plaintiffs. The fire burned for three straight days before it was extinguished on March 20, 2019. It reignited and was extinguished again. Another fire began on March 21, 2019. Benzene and other toxic chemicals were being released into the air. On March 22, 2019, another fire reignited. A shelter-in-place was issued for the area because of the harmful chemicals being released. The multiple fires and release of chemicals into the air is hereinafter referred to as "the Incident."

7.  ITC did not have reasonably adequate safety measures in place and did not properly maintain its safety equipment.

IV.

8.  The Incident made the basis of this suit and the resulting injuries were proximately caused by the negligent conduct of ITC in one or more of the following respects:

    1)     failing to maintain a safe work place:

    2)     failing to have a reliable system or device at its plant to prevent the fire or adequately warn the community of the fire;

    3)     failing to perform work in a safe and prudent manner;

    4)     failing to exercise reasonable and prudent care in the operations which were occurring at the ITC plant on the dates at issue;

    5)     failing to implement, follow and enforce proper operations procedures;

    6)     failing to implement, follow and enforce proper safety procedures;

7) failing to implement, follow and enforce proper hazardous analysis;

8) operating the plant with institutional ignorance of or defiance to a culture of safety and accountability;

9) failing to inspect and maintain the equipment associated with the refining storage process;

10) ignoring process safety hazard data related to past incidents at the ITC plant;

11) causing and permitting to be caused a release of numerous toxic chemicals which resulted in a continuous toxic cloud over parts of Harris County, Texas;

12) operating the plant without appropriate and trained staffing and supervision of the ITC plant units;

13) operating the ITC plant with equipment and processes that defy reasonable engineering and regulatory practices;

14) managerial acceptance or encouragement of normalized deviation from appropriate refining storage procedures;

15) failing to implement, follow, enforce and/or train regarding proper hazard analysis;

16) failing to maintain a reliable system and/or device at the ITC plant to prevent the fire;

17) undertaking a conscious effort to reduce costs and staffing at the expense of safety;

18) continuing to operate damaged and dysfunctional equipment at the expense of safety and wellbeing of the workers at the ITC plant and the surrounding Harris County community;

19) failing to adopt and comply with proper operating procedures;

20) improperly supervising and failing to supervise operation of the unit;

3

21) ratifying and approving improper and dangerous operating procedures, routines and practices;

22) failing to make proper modifications and perform appropriate maintenance;

23) failing to budget maintenance and required modifications, improvements and updates to the equipment and facility;

24) failing to properly warn and notify the Plaintiffs regarding the release and emissions from prior and subsequent releasing events;

25) failing to have a proper air monitoring network in place that could warn the surrounding communities of harmful emissions being released during the fire;

26) failing to have proper fire suppression devices to contain fires at the ITC plant; and

27) such other acts and omissions which may be discovered through discovery and presented at trial.

Each of these acts and omissions, singularly or in combination with others, constituted negligence which proximately caused the occurrence made the basis of this action and the Plaintiffs' injuries.

V.

9. At all times material hereto, the employees and/or agents of ITC were acting within the course and scope of their employment or agency for ITC and in furtherance of the duties of their employment or agency.

VI.

10. ITC is also responsible for Plaintiffs' injuries under the following causes of action: negligent training, nuisance, trespass, strict liability for ultrahazardous activity, and/or res ipsa loquitur.

4

VII.

11. As a proximate result of the negligent conduct and the activity/omissions of ITC listed in paragraph 14 above, Plaintiffs suffered bodily injuries. As a further result of their injuries, Plaintiffs suffered the following damages:

>physical pain and severe mental anguish in the past;
>
>medical expenses in the past;
>
>lost earnings;
>
>physical impairment in the past;
>
>travel expense in connection with medical care; and
>
>inconvenience and loss of enjoyment of life.

For all these damages, Plaintiffs sues the ITC for a sum within the jurisdictional limits of this court but not to exceed $40,000.00.

VIII.

16. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiffs hereby give notice that all documents produced by the Defendant in response to written discovery authenticate the document(s) for use against the Defendant in any proceeding before the Court.

IX.

9. Accordingly, Plaintiffs pray that ITC be cited to appear and answer and that, on final trial, Plaintiffs have:

>1, judgment against the Defendant for only monetary relief of $40,000 or less, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees;
>
>2. post-judgment interest at the legal rate;

3.     such other and further relief to which Plaintiffs may be justly entitled.

**Plaintiffs demands a trial by jury.**

                                        Respectfully submitted,

                                        **Merrill & Associates**

                                        */s/ Roger L. Merrill*

                                        Roger L. Merrill
                                        SBN: 13963800
                                        1770 Saint James Place
                                        Suite 410
                                        Houston, Texas 77056
                                        713/914-0830
                                        713/588-8999 fax
                                        rlm01@swbell.net

                                        **Attorneys for Plaintiffs**